**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-21281-KMM

YOEINER ALEXANDER CADENA CARVAJALINO,

Petitioner,

JERSSON STIVEN ROJAS RUIZ,

Consolidated Petitioner,

ALFONSO WATT BUENO,

Consolidated Petitioner,

ARIEL DE JESUS LEGRAT VALDES,

Consolidated Petitioner,

YVES CERISME,

Consolidated Petitioner,

ELISEO MORALES ZAPATA,

Consolidated Petitioner,

v.

KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon the Petitions for Writ of Habeas Corpus (the "Petitions") filed by Petitioners Alfonso Watt Bueno ("Watt Bueno") (ECF No. 10), Ariel de Jesus Legrat Valdes ("Legrat Valdes") (ECF No. 16), and Yves Cerisme ("Cerisme") (Petition for Writ

of Habeas Corpus ("Cerisme Pet."), *Cerisme v. Krome N. Serv. Processing Ctr.*, No. 1:26-cv-21559-KMM (S.D. Fla. Mar. 9, 2026) (ECF No. 1)) (collectively, "Petitioners").[1] The Court issued an Order to Show Cause (the "OTSC") requiring Respondents to file one consolidated memorandum of fact and law to show why Cadena Carvajalino's Petition should not be granted. *See generally* (ECF No. 5). The Court then consolidated Cadena Carvajalino's case with Watt Bueno, Legrat Valdes, and Cerisme upon a finding of common questions of law or fact pursuant to Federal Rule of Civil Procedure 42(a) and ordered Respondents to file one consolidated response addressing all Petitioners. *See* (ECF Nos. 9, 11, 13). Respondents thereafter filed a Response to Order to Show Cause (the "Response" or "Resp."). (ECF No. 14). Petitioners did not timely file a reply, and the time to do so has passed. The Petitions are now ripe for review. As set forth below, Watt Bueno's Petition is TRANSFERRED to the United States District Court for the Middle District of Florida, Legrat Valdes's Petition is DISMISSED IN PART and DENIED IN PART, and Cerisme's Petition is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court briefly reviews the factual background as to each Petition.

### a. Petitioner Watt Bueno

Watt Bueno is a citizen of Cuba who was ordered excluded from the United States on November 27, 1989. Resp. at 4; (ECF No. 14-10). On June 30, 2025, Watt Bueno was arrested for attempted felony murder causing injury in Miami-Dade County, Florida. Resp. at 3–4. U.S.

---

[1] The Court dismissed lead Petitioner Yoeiner Alexander Cadena Carvajalino ("Cadena Carvajalino") without prejudice on June 17, 2026 (ECF No. 40), dismissed consolidated Petitioner Eliseo Morales Zapata without prejudice on June 30, 2026 (ECF No. 45), and granted in part consolidated Petitioner Jersson Stiven Rojas Ruiz's Petition (ECF No. 8) on September 3, 2026 (ECF No. 79). The Court will therefore only consider the Petitions of Watt Bueno, Legrat Valdes, and Cerisme herein.

Immigration and Customs Enforcement ("ICE") detained Watt Bueno at Florida Soft Side South Detention Center ("Florida Soft Side") on December 17, 2025. *See id.* at 4; (ECF No. 10) at 1, 7, 11.

**b. Petitioner Legrat Valdes**

Legrat Valdes, a citizen of Cuba, was detained by Respondents on November 2, 2025. *See* (ECF No. 16) at 4. Legrat Valdes was ordered removed from the United States to Ecuador on January 14, 2026, and did not appeal that order by the February 13, 2026 deadline. *See id.* at 2, 4; Resp. at 4; (ECF No. 14-12) at 1–2. Legrat Valdes alleges that: (1) his prolonged detention without bond violates due process; (2) his removal to Ecuador is not lawful; and (3) his removal is not reasonably foreseeable because he is not a citizen of Ecuador. *See* (ECF No. 16) at 6–7. Legrat Valdes thus asks the Court to order a custody hearing before an Immigration Judge or his release under reasonable conditions of supervision. *See id.* at 7. In the Response, Respondents argue that the Court lacks jurisdiction over Legrat Valdes's Petition and that his due process claims are premature. *See* Resp. at 15–18.

**c. Petitioner Cerisme**

Cerisme is a citizen of Haiti who was admitted into the United States on or about September 21, 1985, as a lawful permanent resident. *See* Resp. at 5; (ECF No. 14-16) at 1. On February 9, 2012, Cerisme was convicted of aggravated battery with a deadly weapon and sentenced to forty-two months' imprisonment. Resp. at 5; (ECF No. 14-16) at 1. On October 17, 2025, ICE issued a Notice to Appear, charging Cerisme with inadmissibility under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii). *See* (ECF No. 14-16) at 1. According to Cerisme, Respondents detained him on November 15, 2025. *See* Cerisme Pet. at 4.

In his Petition, Cerisme alleges that his prolonged detention violates due process. *See*

*generally id.* In the Response, Respondents contend that: (1) the Court lacks jurisdiction over Cerisme's Petition; (2) Cerisme is lawfully subject to mandatory detention under 8 U.S.C § 1226(c)(1)(B); and (3) alternatively, Cerisme failed to exhaust his administrative remedies. *See* Resp. at 18–20.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 533 U.S. 674, 693 (2008) (citation omitted). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Further, for "'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court's habeas jurisdiction extends to challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### a. Petitioner Watt Bueno

Watt Bueno is detained at Florida Soft Side. Resp. at 4. Habeas petitions pursuant to 28 U.S.C. § 2241 generally must be filed in the judicial district where the petitioner is detained at the time of filing. *See Trump*, 604 U.S. at 672 (citation omitted). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a). District courts have the authority to transfer such cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 906–07 (11th Cir. 2010) (per curiam).

Here, Watt Bueno acknowledges that he was detained at Florida Soft Side at the time of filing his Petition. *See* (ECF No. 10) at 1, 11. Florida Soft Side is located in Collier County, which is in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Therefore, the Court lacks jurisdiction to adjudicate Watt Bueno's Petition. *Trump*, 604 U.S. at 672. Rather than dismiss Watt Bueno's Petition, the Court finds it is in the "interest of justice" to transfer the case to the Middle District of Florida, where it can properly be heard, rather than forcing Watt Bueno to refile his Petition and delay adjudication thereof. 28 U.S.C. § 1406(a). Accordingly, Watt Bueno's Petition shall be transferred to the Middle District of Florida.

**b. Petitioner Legrat Valdes**

**i. Jurisdiction**

As to Legrat Valdes, Respondents first contend that the Court lacks jurisdiction to adjudicate his Petition because he is "in essence, asking this Court to prevent ICE from executing [his] removal order[] by releasing [him] on bond." *See* Resp. at 15–17.

8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Section 1252(g) is narrowly construed and does not cover "all claims arising from deportation proceedings." *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 487 (1999). Rather, it bars "just three 'discrete actions': actions to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (citation omitted). Moreover, § 1252(g)'s "arising from" language does not "sweep in any claim

that can technically be said to 'arise from' the three listed actions," and instead refers to "just those three specific actions themselves." *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). Thus, an alien who challenges the underlying legal bases for discretionary decisions or the length of post-removal-order detention does not face a jurisdictional barrier under § 1252(g). *Mendoza Martinez v. Parra*, No. 26-CV-24255, 2026 WL 2318024, at *3 (S.D. Fla. Aug. 11, 2026) (citations omitted).

Here, Legrat Valdes's challenges to the length of his detention and the absence of a bond hearing are properly before the Court as Legrat Valdes challenges his continued detention, not his removal order. *Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) ("Petitioner challenges his ongoing detention, which is not a claim barred by § 1252(g)." (collecting cases)); *see also Arroyo v. Diaz*, 818 F. Supp. 3d 1387, 1393 (S.D. Fla. 2026) ("Petitioner is not challenging any aspect of the Attorney General's decision to remove him; rather he is arguing that he is statutorily entitled to a bond hearing while being detained. That challenge is not prohibited by § 1252(g)."). However, to the extent Legrat Valdes challenges his removal to Ecuador, the Court lacks jurisdiction to adjudicate the same under § 1252(g). *See Lambert v. Sec'y, Dep't of Homeland Sec.*, No. 6:19-CV-59-ORL-40LRH, 2019 WL 2411226, at *1 (M.D. Fla. June 7, 2019) (explaining that district courts "lack jurisdiction over challenges to orders of removal" (citation omitted)).

**ii. Due Process and Bond Hearing Claims**

Next, Respondents contend that Legrat Valdes's continued detention is constitutional because he is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231.

*See* Resp. at 17–18. Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* § 1231(a)(1)(A). Once the order of removal is finalized, the Government should do its best to execute removal during the removal period. *See Zadvydas*, 533 U.S. at 699–701. When the Government does not timely remove an alien during that period, indefinite detention "raises serious constitutional concerns." *See Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).

"The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.* (citation omitted). To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must show that: (1) he has been detained for more than six months; and (2) there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam); *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam).

Here, Legrat Valdes was ordered removed to Ecuador on January 14, 2026, and Legrat Valdes reserved his right to appeal that order. (ECF No. 14-12) at 1–2. The removal order became final on February 13, 2026, when the allotted time for appeal lapsed. *See id.* at 2; 8 C.F.R. § 1241.1(c). Legrat Valdes filed his Petition on February 20, 2026.[2] *See* (ECF No. 16) at 8.

[2] Under the prison mailbox rule, a *pro se* prisoner's filing is considered filed on the date the prisoner delivers it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). Unless the record shows otherwise, courts presume that the prisoner handed the filing to prison officials on the day he signed it. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). The Eleventh Circuit has not squarely decided whether the prison mailbox rule extends to immigration detainees, but it has indicated that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up and citation omitted). Other courts have applied the rule in this context. *See, e.g.*, *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022)

Although Legrat Valdes has now been in post-removal-order detention for over six months, the presumptively reasonable period had not expired when he filed his Petition, so his *Zadvydas* claims are premature. *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."); *Luque Flores v. Warden, N. Fla. Det. Ctr.*, No. 3:26-CV-1125-MMH-LLL, 2026 WL 2561593, at *2 (M.D. Fla. Aug. 31, 2026) ("Although [petitioner] has now been detained for approximately 8 months, his *Zadvydas* claims [were] not ripe at the time he filed the [p]etition."); *see also Cardenas v. Lyons*, No. 26-CV-21767, 2026 WL 1078969, at *3 (S.D. Fla. Apr. 21, 2026) (dismissing habeas petition as premature because the post-removal-order detention did not exceed six months).

Finally, to the extent that Legrat Valdes seeks a bond hearing, he has no entitlement to the same because he is subject to a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (holding that aliens subject to § 1231 "are not entitled to a bond hearing"); *Shaikh v. Meade*, No. 21-CV-23752, 2022 WL 844420, at *5 (S.D. Fla. Mar. 22, 2022) ("Given the unambiguous language [in *Guzman Chavez*] that noncitizens detained for removal under § 1231 are not entitled to a bond hearing, the [c]ourt determines that [p]etitioner is not entitled to a bond hearing."). Accordingly, the Court finds that Legrat Valdes's Petition is due to be dismissed in part and denied in part.

**c. Petitioner Cerisme**

As to Cerisme, Respondents first contend that the Court lacks jurisdiction over Cerisme's Petition under 8 U.S.C. § 1252(g) because his "detention clearly 'aris[es] from' the decision to

---

(holding that "the prison mailbox rule applies to pro se detainees in immigration proceedings" (citations omitted)); *Somodevilla v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-CV-1372-JES-NPM, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026). Here, Legrat Valdes, who is proceeding *pro se*, signed his Petition on February 20, 2026, and the Court thus deems it filed on the same. (ECF No. 16) at 8.

commence removal proceedings against an alien." *See* Resp. at 19–20. However, Cerisme's Petition brings due process claims challenging the legality of his continued detention which, as discussed above, is properly before this Court. *Zadvydas*, 533 U.S. at 688; *Merino*, 2025 WL 2941609, at *3.

Next, Respondents contend that Cerisme is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). Resp. at 20. Under § 1226(c)(1)(B), "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in [§§] 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." Detention under § 1226(c) is mandatory. *See Jennings*, 583 U.S. at 303 ("[Section] 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute."); *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007) ("[W]here Congress uses the word 'shall' to describe a party's obligation, Congress intends to command rather than suggest." (citations omitted)).

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(F). Here, Cerisme is deportable under § 1227(a)(2)(A)(iii) due to his conviction for aggravated battery with a deadly weapon. *See* (ECF No. 14-16) at 1. Therefore, Cerisme is subject to mandatory detention under § 1226(c)(1)(B) and is not entitled to release from custody.[3] *See Demore*, 538 U.S. at 517–18

[3] As Cerisme is subject to mandatory detention under § 1226(c)(1)(B), his due process claims under *Zadvydas* fail. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during [§ 1226(c)] removal proceedings is a constitutionally permissible part of that process." (citations omitted)); *see also* Order Denying Petition at 4, *Diaz Fuentes v. Krome N. Serv. Processing Ctr.*, No. 1:26-cv-23175-RAR (S.D. Fla. Sep. 11, 2026) (ECF No. 10).

("Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony."). Accordingly, the Court finds that Cerisme's Petition is due to be denied.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petitions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Clerk of Court is directed to TRANSFER Watt Bueno's Petition (ECF No. 10) to the United States District Court for the Middle District of Florida.[4]
2. Legrat Valdes's Petition (ECF No. 16) is DISMISSED IN PART and DENIED IN PART.
3. Cerisme's Petition (No. 1:26-cv-21559-KMM (ECF No. 1)) is DENIED.
4. The stay imposed by the OTSC (ECF No. 5) prohibiting Petitioners' transfer from the District is LIFTED.
5. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

[4] The Court therefore no longer has jurisdiction to entertain the merits of Watt Bueno's Petition. *See Caribbean Ent. Techs., Ltd. v. Snap One, LLC*, No. 21-82019-CIV, 2023 WL 11801316, at *1 (S.D. Fla. Mar. 31, 2023) ("[B]ecause this case has already been transferred, this [c]ourt has lost jurisdiction of the matter." (citations omitted)).